# THE COLORADO LAW REPORTER.

Vol. III.]  Denver, April, 1883.  [No. 8.

## BLATCHLEY *et al. v.* COLES.

*(Supreme Court of Colorado, December Term, 1882—Appeal from the Lake County District Court).*

1. REAL AND PERSONAL ESTATE. Persons who make improvements on the public domain, and occupy the same, taking no steps to secure the fee, have no such interest as rises to the dignity of real estate. An interest so acquired is personal estate, and as such passes to and may be sold by the administrator.

2. SURVIVING PARTNER—TRUST. The purchaser of such interest at sale made by the administrator of his deceased partner, simply vests him with such interest as the decedent had, and, if he subsequently acquire the fee, though at a nominal price, he will not be held to hold it in trust for the widow and heirs.

BECK, C. J. This was an action of ejectment brought in the District Court of Lake county, by the heirs at law of John C. Blatchley, deceased, to recover the possession of an undivided one-half interest in lot number two, block number six, Stevens & Leiter's sub-division of United States survey No. 271, in the City of Leadville.

The property sought to be recovered in this action is property which, at and before the death of John C. Blatchley, the partnership firm of Coles & Blatchley had been and was using as a dance house and saloon. The partners obtained whatever rights they had by purchase from Torrance Conners and Michael Dwyer, on the 11th day of September, 1878. This purchase was made with partnership funds, and for partnership uses, and the property was so used until after the death of John C. Blatchley, on the 26th day of December, 1878.

So far as the record discloses, Conners and Dwyer, from whom the partners purchased, held a mere naked possession of the premises. The record fails to disclose that either they, or their grantees, Coles & Blatchley, took any steps, prior to the

45

decease of Blatchley, towards acquiring the fee. Moreover, it is apparent from the record that, prior to the purchase by Coles & Blatchley from Conners and Dwyer, application had been made by Stevens & Leiter for a patent to a tract of land in Leadville, which included the premises in controversy, and their application for patent was then pending. In proof of this, the fact exists that a government patent for said tract of land issued to said Stevens & Leiter, November 5, 1878, about eight weeks after said purchase by Coles & Blatchley.

Upon the issuance of the patent, it related back to the date of entry. This left Coles & Blatchley tenants at will. Their rights and interests in the premises could not be said to rise to the dignity of title to real estate.

After the decease of Blatchley, one John Law was duly appointed administrator of his estate by the County Court of Lake county, and upon his own petition was ordered to sell certain personal property of the estate, including the interests of the estate in and to the premises in controversy. At this sale Coles became the purchaser of the interest of the estate in said premises, at the sum of $1,250. He afterwards purchased the fee from Stevens & Leiter.

Counsel for plaintiffs in error appear to entertain the opinion that the heirs of Blatchley have been wronged out of their just and rightful interest in this property, which was, they seem to think, an interest in the fee. In support of this view, the fact is referred to that Coles purchased the fee from Stevens & Leiter for the nominal sum of twenty-five dollars.

It is true that the consideration paid by Coles to Stevens & Leiter is nominal, but we have examined the record in vain to find that said partners, during the life-time of Blatchley, had taken any steps toward acquiring the fee of said premises. Their rights appear to have been wholly of a possessory character, and, as such, might have been terminated at any time by entry of the owner of the fee. They were merely tenants at will, and, if the frame building occupied by them for business purposes was attached to the soil so as to make it a part of the realty, it also became the property of Stevens & Leiter upon the issue of their patent.

It is the business of Courts to pass upon the rights of parties as they find them; not to make contracts for parties.

The authority relied upon by counsel for plaintiffs in error appears to us to have but little, if any, bearing in this case. The circumstances here are entirely different from those appearing in *Gillett et al.* v. *Gaffney et al.*, 3 Colo., 351, which is the case referred to and relied upon by counsel for plaintiffs in error.   In that case, the land was entered in trust for the *bona fide* owners and occupants thereof.   No such entry was made in this case, so far as the record discloses.   Stevens & Leiter, who made the entry, made it upon their own account, and do not appear to have had any outstanding obligations concerning it, but were free to either occupy the premises themselves, after entry, or to convey to whom they chose.

Coles, having first purchased the interest of the estate of his deceased partner therein from the administrator, was thereafter free to purchase the fee without coming within the rule cited in the Gaffney case, of a tenant acquiring an outstanding title, which he must be considered as holding in trust for his co-tenants as well.   No case of trust has been made to appear at all so far as the entry of the land is concerned.   Stevens & Leiter made the entry of the whole tract, upon their own account, for aught that appears to the contrary, and not in trust for anybody.

The interests of the estate in these premises were, therefore, correctly held to be, and treated as, personalty.   It follows that the administrator's sale thereof was regular, and that, after buying out the interests of the heirs in the property, Coles was at liberty to purchase the fee upon his own account.

Upon a consideration of the whole case, including the report of the Referee, we are of opinion that substantial justice has been done in this case.   The judgment will, therefore, be affirmed.                                        *Judgment affirmed.*

*H. P. Bennett*, for appellants.
*J. L. Murphy*, for appellee.